IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SENEA COYNE, | § | No. 1:21-CV-00086-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| COLOPLAST CORP., | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT COLOPLAST CORP.'S MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Defendant Coloplast Corp. ("Defendant" or "Coloplast"). (Dkt. # 51.) Plaintiff Senea Coyne ("Plaintiff" or "Coyne") responded in opposition on November 3, 2023. (Dkt. # 53.) Coloplast filed its reply on November 17, 2023. (Dkt. # 64.)

The Court had a hearing on this matter on May 10, 2024. After careful consideration of the relevant filings and the oral advocacy, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Dkt. # 51.)

BACKGROUND

Plaintiff, Senea Coyne was implanted with a Coloplast Aris Trans-

Obturator Sling ("Aris Sling") on November 5, 2008. (Dkt. # 13 at 23.) The Aris Sling is a medical device designed, manufactured, and marketed by Defendant Coloplast for the treatment of stress urinary incontinence. (Id.) Plaintiff alleges that she suffered complications after having the Aris Sling implanted. After experiencing ongoing bleeding, urinary issues, and problems with intercourse after her surgery in November 2008, Plaintiff sought medical treatment for these issues in March 2019. (Id.) On March 13, 2019, Dr. Kunda of San Marcos Women's Health diagnosed Plaintiff's complications as arising from an exposed portion of mesh in her vagina from the Aris Sling. (Id.) Plaintiff saw a series of specialists after Dr. Kunda's initial diagnosis, and she underwent a partial mesh explanation procedure on November 6, 2019. (Id. at 24). The mesh resection did not cure Plaintiff's complications. Plaintiff continues to experience painful mesh-related health conditions including: groin pain, pelvic pain, vaginal pain, painful intercourse, and urinary problems. (Id.) Plaintiff requires ongoing medical care to address these complications. (Id.)

   As a result of the persistent complications from her Aris Sling implantation, Plaintiff filed a complaint on January 28, 2021, and an amended complaint on May 4, 2021. (Dkts. # 1,13.) In her complaint, Plaintiff asserts three causes of action against Defendant: negligence, strict liability for design defect, and strict liability for failure-to-warn. (Dkt. # 13 at 24–30.) Plaintiff alleges that

the Aris Sling suffers from design defects that increase the risk of complications relative to other available mesh devices. (Dkt. # 53 at 4.) Additionally, Plaintiff alleges that safer alternative designs are available that would have reduced the risk of Plaintiff sustaining complications from Aris Sling implantation. (Id. at 5.)

Plaintiff originally served process on a party that was previously the registered agent of Coloplast but was no longer Coloplast's registered agent at the time the suit was filed and Plaintiff attempted service. (Dkt. # 53 at 1.) When Plaintiff learned she had served the incorrect agent on April 12, 2021, she correctly completed service on Coloplast two days later on April 14, 2021.

Coloplast filed its Motion for Summary Judgement on November 6, 2023. (Dkt. # 51.) Plaintiff filed a response in opposition to the motion on November 3, 2023. (Dkt. # 53.) Coloplast filed its reply on November 17, 2023. (Dkt. # 64.)

LEGAL STANDARD

Summary judgment is appropriate if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Bennett v. Hartford Ins. Co. of Midwest, 890 F.3d 597, 604

(5th Cir. 2018) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Accordingly, "[w]here the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial."  Nola Spice Designs, LLC v. Haydel Enters., 783 F.3d 527, 536 (5th Cir. 2015) (quotations omitted).  "When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."  Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010).  Instead, the non-movant must identify specific evidence in the record and articulate how that evidence supports the party's claim.  Willis v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014)).

At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form.  See Fed. R. Civ. P. 56(c); Lee v. Offshore Logistical & Transp., LLC, 859 F.3d 353, 355 (5th Cir. 2017).  The court draws all reasonable inferences in the light most favorable to the nonmoving party.  Wease v. Ocwen Loan Servicing, LLC, 915 F.3d 987, 992 (5th Cir. 2019).  However, "unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012).

## DISCUSSION

Defendant Coloplast asks the Court to grant summary judgment finding that all of Plaintiff's claims are time barred because Plaintiff did not serve Coloplast with the complaint within the two-year statute of limitations period. Coloplast alternatively asks the Court to grant summary judgment because (1) Plaintiff has no evidence that a specific defect in the design caused her injuries; (2) there is no genuine issue of material fact as to whether the Aris' warnings were legally inadequate or whether any alleged inadequacy was a cause of Plaintiff's injuries; and (3) Plaintiff has no evidence to rebut the statutory presumption of non-liability under Tex. Civ. Prac. & Rem. Code § 82.008. Coloplast asks the Court to grant summary judgment on Plaintiff's negligence claims for the same reasons her design defect and failure-to-warn claims fail.

Plaintiff claims that she filed her suit within the statute of limitations period. Additionally, Plaintiff claims that the summary judgment record supports her claims for negligence and strict liability design defect under Texas law. Plaintiff argues that Coloplast is not entitled to summary judgment and asks this Court to deny its summary judgment motion.

I. Plaintiff's Claims are Time-barred Under the Two-year Statute of Limitations

Plaintiffs must bring suit for personal injuries within two years from the time the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a).

5

Here, Coloplast alleges Plaintiff's cause of action began on March 13, 2019, when she sought treatment for and was diagnosed with mesh exposure. And because Plaintiff "failed to exercise diligence in serving Coloplast with her lawsuit within the prescribed two-year period" ending March 13, 2021—by serving Coloplast on April 14, 2021—Coloplast claims it is entitled to summary judgment on Plaintiff's claims.

Although Plaintiff does not provide an alternative date that her cause of action accrued, Plaintiff nonetheless argues that her cause of action against Coloplast did not begin on March 13, 2019. And Plaintiff argues that even if her cause of action did begin on that date, she was diligent in serving Coloplast so her date of service should relate back to the suit's filing date.

### A. Plaintiff Did Not Complete Service on Defendant Within the Two-year Limitations Period Imposed by Texas Law

Texas law imposes a two-year statute of limitations on personal injury claims. Tex. Civ. Prac. & Rem. Code § 16.003(a); Porterfield v. Ethicon, Inc., 183 F.3d 464, 467 (5th Cir. 1999) (applying the two-year statute of limitations to personal injury claims in product liability case involving mesh product). "A cause of action generally accrues when a wrongful act causes an injury, regardless [of] when the plaintiff learns of the injury." Pavich v. Zimmer, Inc., 1998 WL 612290, at *2 (5th Cir. 1998). Therefore, "the limitations clock is [generally] running, even if the claimant does not yet know: the specific cause of the injury; the party

6

responsible for it; the full extent of it; or the chances of avoiding it." Litvinov v. Bowtech, Inc., No. CV H-22-1167, 2023 WL 7336746, at *4 (S.D. Tex. Nov. 7, 2023) (citation omitted).

The "discovery rule" in Texas may defer accrual of a cause of action and permit plaintiffs to sue after the two-year limitations period "if they could not have discovered their injuries (with reasonable diligence) within that period." Id. (citing Gutierrez v. Ethicon, Inc., 535 F. Supp. 3d 608, 619 (W.D. Tex. 2021). "[W]hether the discovery rule applies turns on whether the injured person is aware that [they have] an injury and that it was likely caused by the wrongful acts of another." Schlumberger Tech. Corp. v. Pasko, 544 S.W.3d 830, 834 (Tex. 2018). Plaintiffs are considered to have knowledge of such injury when they "discover, or through the exercise of reasonable care and diligence should have discovered, the nature of the injury." Porterfield, 183 F.3d at 467. "Actual knowledge of the particulars of a cause of action" is not required. Vaught v. Showa Denko K.K., 107 F.3d 1137, 1140–42 (5th Cir. 1997). Rather, the inquiry focuses on "when a plaintiff has knowledge of such facts as would cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action." Id.

When a plaintiff pleads that the discovery rule applies, "the defendant moving for summary judgment on [a] limitations [defense] bears the additional burden of negating the rule." Schlumberger, 544 S.W.3d at 834. The question of

whether the rule applies is usually a question for the trier of fact. Childs v. Haussecker, 974 S.W.2d 31, 44 (Tex. 1998). However, the court may decide the issue—but only "if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." Id.

"[T]he Fifth Circuit applying Texas law has repeatedly held that the discovery rule defers the accrual of injuries resulting from implanted devices." See Brandau v. Howmedica Osteonics Corp., 439 F. App'x 317, 322 (5th Cir. 2011); Porterfield, 183 F.3d at 467. Here, the parties do not dispute whether the discovery rule applies, but rather, what date the cause of action accrued. (Dkt. # 53 at 9.) However, while Plaintiff disputes the March 13, 2019 date alleged by Coloplast, as noted above, Plaintiff themselves put forth no date this Court should alternatively use. (Id. at 9–10.)

Plaintiff visited Dr. Kunda on March 13, 2019 for vaginal bleeding and problems during intercourse. (See Dkt. # 13 at ¶ 76) ("[a]fter ongoing bleeding, urinary issues, and problems with intercourse led her to seek medical treatment.") At the time, Plaintiff's husband reported feeling something sharp during intercourse—which Plaintiff believed was from the mesh inside her vagina. (Id. at 99:11–21.) After Dr. Kunda examined Plaintiff, she confirmed there was mesh exposure and instructed Plaintiff to follow up with a urologist. (Dkt. # 53 at 3; Dkt. # 53-1 at 107:16–23; 112:14–26.) Plaintiff admits knowing that she had a

mesh exposure after this date and that she believed her husband felt the mesh during intercourse. (Dkt. # 53-1 at 99:11–21; 107:16–23; 108:11–16.)

Fifth Circuit cases are instructive on when Plaintiff's cause of action began accruing. In Porterfield, the Fifth Circuit applied the Texas discovery rule to a products liability case involving mesh implanted in the plaintiff's abdomen. 183 F.3d at 467. The Fifth Circuit found that the record demonstrated the plaintiff had "knowledge of facts regarding the nature of her injury" after explicitly stating that she "'knew that the problems were related to the mesh,'" and subsequently wrote to her doctor connecting her issues to the mesh. Id. Therefore, the Fifth Circuit held that the plaintiff was "aware of the nature of her injury" at that point because "she had knowledge that her physical problems were associated with the mesh." Id. Accordingly, the Fifth Circuit found that her claims began accruing at that date. Id.

Similarly, in Pavich, the Fifth Circuit applied the Texas discovery rule to a products liability case involving surgically implanted rods. Pavich v. Zimmer, Inc., 1998 WL 612290 (5th Cir. 1998). There, the Fifth Circuit held that the plaintiff "acquired the knowledge he needed to discover he had a cause of action" when the plaintiff received a tentative diagnosis from his doctor. Id. at *2. At that date, the doctor's diagnosis attributed the plaintiff's pain to rods implanted in the plaintiff's back, and the two-year limitations period began to run because the

9

plaintiff "acquired knowledge of facts which, in the exercise of reasonable diligence, would lead to the discovery of his injury." Id.

Like Porterfield, Plaintiff here has explicitly admitted she knew she had a mesh exposure after her visit with Dr. Kunda on March 13, 2019, and that she believed her husband felt the mesh during intercourse before this appointment, which was the reason she scheduled an appointment with Dr. Kunda. (Dkt. # 53-1 at 99:11–21; 107:16–23; 108:11–16.) Plaintiff was "aware of the nature of her injury" at that point because "she had knowledge that her physical problems were associated with the mesh." Porterfield, 183 F.3d at 467. And like in Pavich, at the March 13, 2019, appointment with Dr. Kunda, Plaintiff received a diagnosis that attributed the problems Plaintiff was having during intercourse with her husband to the mesh. 1998 WL 612290, at *2.

The evidence contained in the summary judgment record therefore demonstrates that Plaintiff was aware of the nature of her injury at the March 13, 2019 appointment with Dr. Kunda. It was at this appointment that she "acquired knowledge of facts which, in the exercise of reasonable diligence, would lead to the discovery of her injury." Porterfield, 183 F.3d at 467; Pavich, 1998 WL 612290, at *2. Accordingly, Plaintiff's cause of action against Coloplast began accruing on March 13, 2019—the date of the appointment.

B. <u>The Date of Service Does Not Relate Back to the Date of Filing Because Plaintiff did not Exercise Diligence in Effecting Service</u>

To "bring suit" under Texas law, a plaintiff must (1) file the suit within the applicable limitations period, and (2) use diligence to ensure the defendant is served with process within the same period. <u>Gant v. DeLeon</u>, 786 S.W.2d 259, 260 (Tex. 1990). "When a plaintiff files a [complaint] within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." <u>Id</u>.

To determine whether the plaintiff was diligent in their service efforts, the inquiry is whether "[(1)] the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and [(2)] was diligent up until the time the defendant was served." <u>Proulx v. Wells</u>, 235 S.W.3d 213, 216 (Tex. 2007). Generally, this is a fact question, and determined by both the time and effort—or lack thereof—the plaintiff expended to secure citation, service, or both. <u>Id.</u>

At the outset, a plaintiff only has to plead that they were diligent to shift the summary-judgment burden to the defendant. <u>Id</u>. If the defendant then "affirmatively [pleads] the limitations defense and demonstrates that service occurred after the limitations deadline, the burden shifts [back] to the plaintiff to explain the delay." <u>Id</u>. (quoting <u>Murray v. San Jacinto Agency, Inc.</u>, 800 S.W.2d

11

826, 830 (Tex.1990)) (internal citations omitted.)  It is the plaintiff's burden at that point to present evidence showing that (1) they made efforts to serve the defendant, and (2) they "explain every lapse in effort or period of delay [in effectuating service]." Id. at 216.

If the plaintiff's explanation for any delay raises a material fact issue regarding plaintiff's diligence in service of process, the burden then "shifts back to [the] defendant to show why, as a matter of law, [plaintiff's] explanation is insufficient." Id.  The defendant must show as a matter of law that the plaintiff did not diligently effectuate service. Gant, 786 S.W.2d at 260.  A defendant can show a lack of diligence as a matter of law if "one or more lapses between service efforts are unexplained or patently unreasonable." Henderson v. Republic of Texas, 672 F. App'x 383, 386 (5th Cir. 2016).

Here, Coloplast pled the affirmative limitations defense and demonstrated that service occurred after the limitations deadline. (Dkt. # 51 at 5–8.) Plaintiff then pled that she was diligent in service of process and provided evidence to explain the delay in service. (Dkt. # 53 at 8–10.) The burden is on Coloplast to demonstrate as a matter of law that Plaintiff did not diligently effectuate service. Gant, 786 S.W.2d at 260.  Coloplast successfully does so by demonstrating that "one or more lapses between service efforts are unexplained or patently unreasonable." Henderson, 672 F. App'x at 386. As Coloplast explained, Plaintiff did not properly serve them until nearly two and a half months after

12

Plaintiff filed their complaint. (Dkt. # 51 at 7.) Service of process on a defendant two months after the limitations period expired is sufficient to find the plaintiff lacked diligence. See Harper v. Kroger Texas, L.P., No. 4:17-CV-00195-O, 2017 WL 2991472, at *1 (N.D. Tex. July 14, 2017) (a two-month delay of service was sufficient to show a lack of due diligence as a matter of law); Paredes, 128 F. Supp. 2d at 1020 (plaintiff lacked diligence in serving the defendant where defendant was served less than three months after the expiration of the limitations period). Although Plaintiff claims her delay in service was a result of a mistake from serving the wrong agent, this explanation is patently unreasonable for three reasons.

    1. Plaintiff did not Exercise Diligence in Serving the Correct Agent

Plaintiff failed to exercise any diligence in searching for the correct registered agent. (Dkt. # 64 at 2.) Coloplast changed their registered agent nearly five months prior to Plaintiff filing their complaint. (Id.) Plaintiff did not verify the correct agent before attempting service, even though the information was available on the Texas Secretary of State's website when she filed her Complaint. This failure was therefore "patently unreasonable." See Henderson v. Rep. of Tex., 672 F.App'x 383, 386 (5th Cir. 2016) (finding lack of diligence where plaintiff tried to blame failure to timely complete service on the defendant's change of registered agent because the information was public and readily

13

available). Plaintiff showed no attempt to exercise any diligence in searching for the correct registered agent before filing her complaint. And unlike in Henderson, Coloplast changed its agent before Plaintiff filed her complaint, not after. Id. at 346. The Henderson court found it notable that information on the defendant's registered agent was public and readily available—as is the case here. Id. Accordingly, the court found that the plaintiff had no excuse for the nine-month delay between attempting to service the defendant and completing service. Id. While Plaintiff had a two-month delay, "any delay after the expiration of the limitations period is significant, whether one day or three months." Paredes, 128 F. Supp. 2d at 1020. And as little as a two-month delays in serving process on a defendant is sufficient to find a plaintiff lacked diligence. See Harper, No. 4:17-CV-00195-O, 2017 WL 2991472, at *1; Paredes, 128 F. Supp. 2d at 1020; Eichel v. Ullah, 831 S.W.2d 42, 44–45 (Tex. App. 1992).

Plaintiff claims the delay in service to Coloplast was a result of a "mistake in attempting to serve Coloplast through its former registered agent." (Dkt. # 53 at 10.) However, Plaintiff provides no summary judgment evidence of any diligence on her part to actually determine the correct registered agent for Coloplast before serving process. Instead, Plaintiff simply served a party she knew at one point in time was Coloplast's agent—without any diligence to confirm they still currently were. (Id.) (admitting Plaintiff made a mistake attempting to serve

14

Coloplast through its former registered agent); (Dkt. # 53-1 at 3) ("[i]n previous litigation, my firm had successfully served [Coloplast] using that agent at that address."). "[T]he duty to use due diligence continues from the date the suit is filed until the date the defendant is served." Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). And Defendant has submitted evidence to the Court that Plaintiff's counsel served Coloplast correctly in December 2020, before filing the current suit. (Dkt. # 84.) Plaintiff's counsel identified Coloplast's new agent in December 2020 and properly served them in another case. Plaintiff's counsel then failed to serve the correct agent for Coloplast in January 2021 in the present case. Then, despite Defendant never answering the Complaint, Plaintiff's counsel neither moved for default judgment nor attempted to confirm service was properly executed until after the statute of limitations in this case had run. Therefore, Plaintiff did not exercise the required diligence.

    2. That the Process Server Confirmed Service Executed on the Wrong Agent does not Alleviate Plaintiff's Lack of Diligence

Plaintiff did receive notice that service had been executed by the process server. This does not mitigate Plaintiff's lack of diligence. Any errors in service by the process server are imputed to the plaintiff, because as the one requesting service, they bear responsibility for ensuring service is properly accomplished. Paredes, 128 F. Supp. 2d at 1019–20 (citing Boyattia v. Hinojosa, 18 S.W.2d 729, 734 (Tex. App.—Dallas 2000) and Jimenez v. County of Val

Verde, 993 S.W.2d 167, 168 (Tex. App.—San Antonio 1999, writ denied)). Sending service to the wrong registered agent—especially when no evidence demonstrates an effort to determine the correct agent beforehand—does not constitute diligence because it does nothing to further service. See Webster v. Thomas, 5 S.W.3d 287, 291 (Tex. App. 1999) ("calling the wrong clerk's office and sending the petition to the wrong precinct does nothing to further service."). While the service returned executed may have indicated to Plaintiff that Coloplast was properly served when it was not, the error in serving the wrong agent falls squarely on Plaintiff's shoulders. And again, Plaintiff's counsel had served Coloplast's new registered agent in December 2020, demonstrating they could have, with any diligence, served the correct agent a month later in the present case. (Dkt. # 84.)

   3. <u>Plaintiff's Delay in Filings After Service Indicates a Lack of Diligence</u>

  Plaintiff waited two and half months after filing her complaint and executing service before filing anything else in this matter. Coloplast's answer was due on February 19, 2021 according to the initial summons returned executed on February 8, 2021. (Dkt. # 7.) Despite Coloplast not answering by that time, Plaintiff did not follow up regarding service or move for clerk's entry of default after Defendant failed to answer. Plaintiff took no action in the case until two full months later when Ben C. Martin filed a motion for Rachel L. Wright to appear pro

16

hac vice on Plaintiff's behalf. (Dkt. # 8.) Summons was then not properly issued to Coloplast until April 12, 2021. If Plaintiff had followed up after Coloplast's answer was due on February 19, 2021, she would have still had until March 13, 2021, under the two-year limitations period to correct the improper service. That Plaintiff did not move for default or take any action in the case until two months later shows a lack of diligence.

Therefore, this Court finds that Coloplast has met its burden of demonstrating as a matter of law that Plaintiff did not diligently effectuate service because the lapse between her service efforts is "patently unreasonable." Henderson, 672 F. App'x at 386. Accordingly, this Court finds that Plaintiff's date of service does not relate back to the date she filed her suit; and therefore, Plaintiff did not "bring suit" within the required limitations period under Texas law. Gant, 786 S.W.2d at 260. Coloplast is entitled to summary judgment.

II.  The Court does not Address the Questions of Negligence and Strict Liability

Plaintiff's complaint alleges claims for negligence, as well as strict liability for both design defect and failure to warn under Texas law. However, in light of the court's determination that Plaintiff's claims are statutorily time-barred, the Court does not reach those claims.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Dkt. # 51.) Plaintiff's claims against Coloplast are hereby **DISMISSED**.

**IT IS SO ORDERED.**

**DATED:** May 31, 2024.

_____
David Alan Ezra
Senior United States District Judge